UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TRUSTEES OF IBEW LOCAL NO. 7 PENSION FUND, )
TRUSTEES OF IBEW LOCAL NO. 7 ANNUITY FUND )
and TRUSTEES OF IBEW LOCAL NO. 7 HEALTH & )
WELFARE FUND, )
)
    Plaintiffs, )
)
v. ) C.A. No. 04-30220-KPN
)
LAPINSKI ELECTRIC, INC. )
)
    Defendant. )
)

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 (hereinafter "LMRA"), 29 U.S.C. Section 185, to compel Lapinski Electric, Inc. to make contributions and other payments owed to plaintiffs.

2. Jurisdiction is conferred by 29 U.S.C. Sections 1132(e)(1) and (f) and 29 U.S.C. Sections 185(a),(b) and (c).

3. Venue lies in this district pursuant to 29 U.S.C. Section 1132(e)(2) and U.S.C. Section 185(c).

4. The IBEW Local No. 7 Pension Fund, the IBEW, the IBEW Local No. 7 Annuity Fund, and the Local No. 7 Health & Welfare Fund and the, are trusts established in accordance with 29 U.S.C. §186(c), are employee pension benefit plans and a employee welfare benefit plan, respectively, as defined by 29 U.S.C. §1002(1) and (2), and are governed by the plaintiff Trustees each of whom is a fiduciary to the plans as defined by 29 U.S.C. §1002(21).

5. Each of the Funds is a plan that is maintained pursuant to collective bargaining agreements between IBEW Local No. 7 (the "Union") and more than one employer, and is a plan to which more than one employer is required to contribute for all covered work performed by employees working within the territories defined by the agreements.

6. Defendant Lapinski Electric, Inc. (the "Employer") is a corporation incorporated and existing under the laws of the Commonwealth of Massachusetts, and having a place of business in South Hadley, Massachusetts.

7. The Employer is engaged in an industry affecting commerce as defined in ERISA, 29 U.S.C. Sections 1002(5), (11) and (12), and as defined in LMRA, 29 U.S.C. Sections 152(2), (6) and (7).

8. The Employer is and has been a party to a collective bargaining agreement (the "Agreement") with the Union at all times material herein.

9. The Employer has failed to make contributions to the plaintiffs for work performed by its employees as required by the Agreement.

10. The Employer has failed to submit to plaintiffs monthly reports of the number of hours worked by each employee as required by the Agreement.

11. The Agreement, the trust agreements governing the Funds and ERISA further provide that, in the event the Employer fails to make its required contributions in a timely fashion, the Employer is obligated to the Funds, in addition to the principal amounts owed, for interest from the date when the payment was due, liquidated damages and for all costs and reasonable attorney's fees expended by the plaintiffs in any action collecting the delinquent contributions.

WHEREFORE, the plaintiffs demand judgment against the defendant as follows:

1. That the defendant be ordered to submit the delinquent monthly reports of hours and pay the plaintiffs the delinquent contributions due the plaintiffs plus prejudgment interest from the date when each month's payment was due and liquidated damages pursuant to 29 U.S.C. Section 1132(g)(2);

2. That the defendant be ordered to make all future payments to plaintiffs and submit monthly reports of hours in a timely manner in accordance with its collective bargaining agreement;

3. That the defendant be ordered to pay to the plaintiffs' costs and disbursements, including its reasonable attorney's fees in this action, pursuant to 29 U.S.C. Section 1132(g)(2)

4. That the plaintiffs receive such other legal or equitable relief as this Court deems just and proper.

Respectfully submitted,

Aaron D. Krakow
BBO #544424
KRAKOW & SOURIS, LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440

_____
Attorney for Plaintiffs

3