UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF IBEW LOCAL NO. 7 PENSION FUND, et al<br>    Plaintiffs,<br><br>v.<br><br>LAPINSKI ELECTRIC, INC.<br>    Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 04-30220-KPN<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs, the trustees of various fringe benefit funds respectfully submit this motion for reconsideration of the Court's January 31, 2005 Order, scheduling a hearing and directing the plaintiffs to present evidence in support of plaintiffs' motion under Rule 55(b)(1) for entry of a default judgment. Plaintiffs submit this motion because they frequently litigate claims of this type in this Court and frequently seek default judgments, and they desire to do so without burdening either themselves or the Court with regular hearings and any more documentation than is necessary.

This is a standard delinquency action under ERISA and the LMRA to recover contributions and other payments owed by defendant to various fringe benefit funds and local unions. Defendant was served with the summons and complaint, but failed to answer or otherwise appear in the case. Accordingly, the Court issued a notice of default, to which the defendant has not responded. Plaintiffs filed and served a motion for entry of a default judgment pursuant to Rule 55(b)(1), and submitted an affidavit stating the amount due. Defendant has not responded to the motion.

The Court, however, issued an Order on January 31, scheduling a hearing and directing plaintiffs to be prepared to present evidence that defendant is delinquent in the amount claimed and owes liquidated damages and interest. The Court based this directive on the decisions of the First Circuit in *Conetta v. Nat'l Hair Centers, Inc.* 236 F.3rd 67, 72-75 (1st Cir. 2001) and *Eisler v. Stritzler*, 535 F.2d 148, 153-154 (1st Cir. 1976).

As an initial matter, this case and *Conetta* and *Eisler* arose in entirely different circumstances procedurally. In *Conetta*, a magistrate entered judgment after an evidentiary hearing, and it was found that the magistrate exceed his authority by entering judgment when his authority was limited to recommending the amount of damages. However, the Court in *Conetta* affirmed the clerk's authority under Rule 55(b)(1) to enter default judgment in a "sum certain." Moreover, *Conetta* involved a discrimination claim with tort damages, where an evidentiary hearing was required to determine the amount of those damages. As is discussed below, in this case the damages can be made certain by simple computation, and thus under Rule 55(b)(1), a clerk can enter default judgment.

In *Eisler*, the defendant appeared through counsel, successfully moved to vacate a default judgment, filed an answer and filed a counter-claim. After being defaulted for failing to cooperate in discovery, he filed a motion to vacate that default judgment and a motion to dismiss. The Court found that it was not proper to assess damages without a hearing where a defendant had made an appearance and the damages were not a sum certain. *Eisler* at 153.

In this case, in contrast, the defendant has neither appeared, nor responded to the issuance of the notice of default, nor responded to the motion for entry for a default judgment, despite having been served with the summons and complaint, the notice of default, and the motion. Moreover, in this case, the damages can be made certain by a simple computation.

Rule 55 provides for two very different methods of determining damages in circumstances involving defaults, depending on whether or not the defendant has appeared. If the defendant has appeared, as was the case in *Eisler*, Rule 55(b)(2) authorizes the Court to determine whether a hearing is necessary in order to "take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter." Rule 55(b)(2) even reserves the parties' right to a jury trial on these matters when required by federal statute.

If the defendant has failed to appear, however, as in this case, Rule 55(b)(1) provides for a far more perfunctory method of entering a judgment for money damages. If the claim is *either* for a "sum certain" *or* for a sum "which *by computation* can be made certain," the plaintiff need only submit an affidavit "of the amount due" and the Clerk may enter judgment in the stated amount. This significant difference in Rule 55's treatment of the processing of the default plainly reflects a considered decision to provide significantly more procedural and substantive protections to the party who has appeared than to the party who has simply ignored the proceedings by failing even to appear.

In *Eisler*, the Court addressed Rule 55 in the context of a case where the defendant has appeared and where, in light of the appearance, subparagraph (b) requires a determination of damages to be made by the Court and accords the defendant

substantially more procedural rights than the perfunctory entry of judgment by the Clerk in cases where the defendant has not appeared.

While Rule 55(b)(1) provides for entry of judgment by the Clerk upon an affidavit stating the amount of damages in cases where the claim is for a "sum certain," it additionally provides for the same procedure even where the claim is *not* for a sum certain. Thus, an affidavit stating the amount of damages also is sufficient under Rule 55(b)(1) in cases where the claim is for a "sum which *by computation* can be made certain." Rule 55(b)(1) plainly contemplates application to circumstances beyond actions on money judgments, notes, or negotiable instruments, where the principal amount due is simply reflected in the judgment, note or instrument. In, neither *Conetta* nor *Eisler*, however, did the Court address in any manner that particular provision of Rule 55(b)(1).

Accordingly, under Rule 55(b)(1), even in cases where the amount due is not a sum certain, but where it must be "calculated" based on underlying facts, entry of judgment is still authorized upon submission of nothing more than an "affidavit of the amount due." The Rule on its face does not require submission of evidence by affidavit or otherwise of the underlying facts that form the basis of the actual calculation of the amount due, but merely an affidavit – a statement by the plaintiff under oath -- "of the amount due."

In this case, the sum that defendant owes to plaintiffs is a function of the number of hours of covered work performed by defendant's employees and the contractually mandated contribution rate. On the face of it, the sum due is a sum that "by computation can be made certain." As a result, since the defendant has not appeared and has not responded to the complaint, the notice of default, or the motion for entry of a default judgment, plaintiff should be entitled to entry of judgment upon submission of an

"affidavit of the amount due."

To require the plaintiff in such an action to attend a hearing and present evidence that defendant is delinquent in its contributions in the amount asserted by plaintiffs" appears to require plaintiffs to submit essentially what they would have to submit in support of a motion for summary judgment if the defendant had actually appeared in the action. But defendant has not appeared, and the whole point of Rule 55(b)(1) is to establish a simple method of securing entry of a money judgment, in contrast to Rule 55(b)(2)'s more substantive and involved procedures in cases where the defendant has appeared. Rule 55(b)(1) establishes a minimal procedure precisely to avoid the need for those more substantive and involved procedures.

The Court is not without guarantees about the validity of the basis for the plaintiff's calculations and its submissions in the absence of complete, detailed documentation. The Rule requires that the motion be supported by an affidavit, and the plaintiff submits *under the penalties of perjury* an affidavit stating the amount that plaintiff has calculated as due. In addition, plaintiff's counsel signs and submits the motion for entry of judgment pursuant to the obligations and implicit affirmations of Rule 11. Finally, the motion, like the summons and complaint, is served on the defendant, who still has the option to appear and raise any objections to the motion that the defendant may have.

While this discussion may appear academic, these matters have practical consequences for plaintiffs. Plaintiffs in this action are plaintiffs in a significant number of similar actions in this District and before this Court. Often these actions involve defendants who are experiencing financial difficulties and are concluded by motions for default judgments. The Funds are multi employer fringe benefit funds and involve

employers working under a collective bargaining agreement where the hourly rate under the agreement changes over time – usually every six months. To require underlying documentation of the delinquency calculation in each case would be considerably cumbersome for both the plaintiffs and the Court and, in plaintiffs' view, unnecessary under Rule 55(b)(1).

Accordingly, plaintiffs have drafted their affidavit in an effort to meet concerns the Court may have while at the same time attempting to avoid the level of detail that would be necessary to support a motion for summary judgment. The affidavit expressly states that: the employer's contract with the Union calls for contributions at specified hourly rates for every hour of covered work performed by the defendant's employees (¶ 2); the employer has failed to contribute on hours worked by its employees (¶3); the plaintiff has made a calculation of the amount due based on the hours of work and the applicable hourly rate or rates (¶ 3); the defendant's collective bargaining agreement provides for prejudgment interest at various specified interest rates and interest is mandated by law (¶ 4); plaintiff has calculated interest on the principal amount due based on the applicable interest rates (¶ 5); liquidated damages are mandated by federal law (¶6); and that plaintiff calculated liquidated damages based on an additional assessment of interest on the principal amount due.

When a revised affidavit, similar to the one filed in this case, was submitted to Judge Gertner of this Court in response to her contention that the plaintiffs in a case before her were not seeking a judgment in a "sum certain," she entered the default judgment. Attached is the Civil Docket for *Massachusetts Carpenters Central Collection Agency, et al v. E A G Construction & Installation,* 1:04-cv-11123-NG. See the October 28, 2004 entry denying motion for default judgment and the November 11,

2004 entry granting motion for default judgment after submission of revised affidavit.

It is hoped that upon reconsideration of the detailed sworn representations in the affidavit of damages, the Court will be satisfied under Rule 55(b)(1) that the "amount due" in fact is capable of determination by calculation and that plaintiff in fact undertook to make those calculations and stated the amount due in its affidavit.

    Respectfully submitted,
    Aaron D. Krakow
    BBO #544424
    KRAKOW & SOURIS, LLC
    225 Friend Street
    Boston, MA 02114
    (617) 723-8440


    /s/ Aaron D. Krakow
    Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I, Aaron D. Krakow, hereby certify that I caused a copy of the foregoing to be mailed this date to Lapinski Electric, Inc., 170 Montgomery Street, Chicopee, MA 01020

    /s/ Aaron D. Krakow
    Aaron D. Krakow

# United States District Court
## District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:04-cv-11123-NG

Massachusetts Carpenters Central Collection Agency et al v. E A G Construction & Installation
Assigned to: Nancy Gertner
Cause: 29:1145 E.R.I.S.A.

Date Filed: 05/27/2004
Jury Demand: None
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

**Plaintiff**
**Massachusetts Carpenters Central Collection Agency**  represented by **Christopher N. Souris**
Krakow, Souris & Birmingham
225 Friend Street
Eighth Floor
Boston, MA 02114
617-723-8440
Fax: 617-723-8443
Email: c.souris@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Trustees of the Massachusetts State Carpenters Pension Fund**  represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Massachusetts State Carpenters Guaranteed Annuity Fund**  represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Massachusetts State Carpenters Health Benefits Fund**  represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Massachusetts State Carpenters Vacation and Holiday Fund**  represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**New England Carpenters Training Fund**

represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Boston Carpenters Apprenticeship & Training Fund**

represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Carpenters Local 108 Health & Welfare Fund**

represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Western Massachusetts Apprenticeship & Training Fund**

represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Northeastern Massachusetts Apprenticeship & Training Fund**

represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Worcester Carpenters Apprenticeship Training Fund**

represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Southeastern Massachusetts Apprenticeship & Training Fund**

represented by **Christopher N. Souris**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.
**Defendant**

**E A G Construction & Installation**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/27/2004 | 1 | COMPLAINT Filing fee: $ 150, receipt number 56221, filed by Boston Carpenters Apprenticeship & Training Fund, Carpenters Local 108 Health & Welfare Fund, Massachusetts Carpenters Central Collection Agency, Massachusetts State Carpenters Guaranteed Annuity Fund, Massachusetts State Carpenters Health Benefits Fund, Massachusetts State Carpenters Vacation and Holiday Fund, New England Carpenters Training Fund, Northeastern Massachusetts Apprenticeship & Training Fund, Southeastern Massachusetts Apprenticeship & Training Fund, Trustees of the Massachusetts State Carpenters Pension Fund, Western Massachusetts Apprenticeship & Training Fund, Worcester Carpenters Apprenticeship Training Fund. (Filo, Jennifer) (Entered: 06/01/2004) |
| 05/27/2004 |   | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Bowler. (Filo, Jennifer) (Entered: 06/01/2004) |
| 05/27/2004 |   | Summons Issued as to E A G Construction & Installation. (Filo, Jennifer) (Entered: 06/01/2004) |
| 07/22/2004 | 2 | SUMMONS Returned Executed E A G Construction & Installation served on 7/2/2004, answer due 7/22/2004. (Filo, Jennifer) (Entered: 07/29/2004) |
| 09/20/2004 | 3 | MOTION for Entry of Default by Massachusetts Carpenters Central Collection Agency.(Souris, Christopher) (Entered: 09/20/2004) |
| 09/21/2004 | 4 | Judge Nancy Gertner : Electronic ORDER entered granting 3 Motion for Entry of Default...see notice attached for details. (Molloy, Maryellen) (Entered: 09/21/2004) |
| 10/27/2004 | 5 | MOTION for Default Judgment by Massachusetts Carpenters Central Collection Agency.(Souris, Christopher) Modified on 11/3/2004 to correct image. Motion should be first doc, then Affidavit is an attachment to motion and Proposed Judgment is another attachment to motion (Filo, Jennifer). (Entered: 10/27/2004) |

| | | |
|---|---|---|
| 10/28/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER entered reserving ruling on 5 Motion for Default Judgment Default was entered against defendant EAG Construction & Installation on September 21, 2004 [docket entry #4]. On October 27, 2004, plaintiffs moved for default judgment in the amount of $149,567.15, pursuant to Federal Rule of Civil Procedure 55 [docket entry #5]. Plaintiffs have attached to their motion the affidavit of Harry Dow, director of lead plaintiff Massachusetts Carpenters Collection Agency. In his affidavit, Dow states that defendant is delinquent in its contributions to employee benefit funds in the amount of $117,541.51; that the liquidated damages owed under the collective bargaining agreement total $24,778.60; that the interest charges owed under the collective bargaining agreement total $6,351.52; and that costs and fees incurred in the action total $895.52. This affidavit alone does not provide the Court with sufficient information to enter default judgment. Pursuant to the First Circuit's holding in KPS & Associates, Inc. v. Design by FMC, Inc., 318 F.3d 1 (1st Cir. 2003), a default judgment may not be entered unless the damages requested represent a "sum certain." Id. at 19 ("In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default."). In that case, the court stated that "[n]either the fact that the complaint identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum, automatically converts [a party's] claim into a 'sum certain.'" Id. at 20 n.9. Plaintiffs' affidavit is not, therefore, adequate to convert the requested default judgment into a sum certain. Plaintiffs are hereby ORDERED to submit to the Court, on or before November 12, 2004, additional information to aid the Court in determining whether $149,567.15 represents a sum certain. In particular, plaintiffs are directed to submit documentation that (1) defendant is delinquent in its contributions in the amount asserted by plaintiffs and (2) that the liquidated damages and interest charges sought by plaintiffs are set by the collective bargaining agreement. (Gertner, Nancy) (Entered: 10/28/2004) |
| 11/12/2004 | 6 | MOTION for Reconsideration re Order on Motion for Default Judgment,,,,,,,,,, by Massachusetts Carpenters Central Collection Agency. (Attachments: # 1 Affidavit)(Souris, Christopher) (Entered: 11/12/2004) |
| 11/28/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER entered granting 5 Motion for Default Judgment, finding as moot 6 Motion for Reconsideration. (Gertner, Nancy) (Entered: 11/28/2004) |
| 11/29/2004 | 7 | Judge Nancy Gertner : ORDER entered JUDGMENT in favor of Plaintiff against Defendant(Filo, Jennifer) (Entered: 12/01/2004) |
| 11/29/2004 | | Civil Case Terminated. (Filo, Jennifer) (Entered: 12/01/2004) |